UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., a corporation, ) ) ) Plaintiff, ) vs. ) ) NEIGHBORHOOD BAR & GRILL, LLC, ) d/b/a NEIGHBORHOOD SPORTS BAR ) & GRILL, ) ) **SERVE:** ) **REGISTERED AGENT:** ) Karen T. Louis ) 13042 Mystic Bend Lane ) Florissant, MO  63033 ) ) or ) ) **ANYONE IN CHARGE AT:** ) 4335 N. Broadway Avenue ) St. Louis, MO  63147 ) ) and ) ) SHELLY BLUIETT, an individual, ) ) **SERVE AT**: ) 1635 Baymeadows, ) St. Louis, MO  63033 ) ) or ) ) **HER PLACE OF EMPLOYMENT:** ) 4335 N. Broadway Avenue ) St. Louis, MO  63147 ) ) Defendants. ) | Case No. |

**COMPLAINT**

**JURISDICTION**

   1.  Jurisdiction is founded on the existence of a question arising under particular statutes.  This action is brought pursuant to several statues, including the Communications Act

of 1934, as amended, Title 47 U.S.C. 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S.C. 553, *et seq.*

2.  This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.  This Court has personal jurisdiction over the parties in this action as a result of the Defendant(s) wrongful acts hereafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length.  The Defendant(s) wrongful acts consisted of the interception, publication, and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Missouri.

## VENUE

4.  Pursuant to Title 47 U.S.C. 605, venue is proper in the Eastern District of Missouri, because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

5.  The Plaintiff, J & J Sports Productions, Inc., is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2380 South Bascom Avenue, Suite 200, Campbell, California 95008.

6.  Plaintiff is informed and believes, and alleges thereon that Defendant, Neighborhood Bar & Grill, LLC is a corporation organized and existing under the laws of the State of Missouri and doing business as Neighborhood Sports Bar & Grill at 4335 N. Broadway Avenue, St. Louis, MO  63147.

7.  Plaintiff is informed and believes, and alleges thereon that Defendant, Shelly Bluiett, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, oversight and management of the commercial establishment doing business as Neighborhood Sports Bar & Grill at 4335 N. Broadway Avenue, St. Louis, MO 63147.

## COUNT I
### (Violation of Title 47 U.S.C. Section 605)

8.  Plaintiff, J & J Sports Productions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-7, inclusive, as through set forth herein at length.

9.  By contract, Plaintiff, J & J Sports Productions, Inc., paid for and was thereafter granted the exclusive nationwide television distribution rights to *"Floyd Mayweather, Jr. v. Robert Guerrero, WBC Welterweight Championship Fight Program"* telecast which took place on May 4, 2013, in Las Vegas (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

10.  Pursuant to contract, Plaintiff, J & J Sports Productions, Inc., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Missouri, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

11.  As a commercial distributor of sporting events, including the Program, Plaintiff, J & J Sports Productions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

12.  With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, the above-named Defendant(s) and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their Missouri Bar located at 4335 N. Broadway Avenue, St. Louis, MO  63147.  Said unauthorized interception, publication, exhibition and divulgence by the Defendant(s), which was an interstate transmission (Nevada to Missouri), was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13.  Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, J & J Sports Productions, Inc., had the distribution rights thereto).

14.  By reason of the aforesaid mentioned conduct, the aforementioned Defendant(s) violated Title 47 U.S.C. Section 605, *et seq.*

15.  By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff, J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

16. As the result of the aforementioned Defendant(s) violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, J & J Sports Productions, Inc., is entitled to the following from Defendant(s):

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(i)(ll), and also;
    (b)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also;
    (c)    the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. 605(e)(3)(B)(iii).

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

17. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-16, inclusive, as though set forth herein at length.

18. The unauthorized interception, exhibition, publication and divulgence of the Program by the above-named Defendant(s) is prohibited by Title 47 U.S.C. Section 553 *et seq.*

19. By reason of the aforesaid mentioned conduct, the aforementioned Defendant(s) violated Title 47 U.S.C. Section 553, *et seq*.

20. By reason of the Defendant(s) violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff, J & J Sports Productions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

21. As the result of the aforementioned Defendant(s) violation of Title 47 U.S.C. Section 553, and pursuant to Section 553, Plaintiff, J & J Sports Productions, Inc., is entitled to the following from each Defendant(s):

    (a)    Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(A)(ii), and also;
    (b)    Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (c)(3)(B) and also;
    (c)    the recovery of full costs pursuant to Title 47 U.S.C. Section 553(c)(2)©, and also;
    (d)    and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)©.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## COUNT III

### (Conversion)

22. Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-21, inclusive, as though set forth herein at length.

23. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned Defendant(s), tortuously obtained possession of the Program and wrongfully converted it to their own use and benefit.

24. The aforesaid acts of the Defendant(s) were willful, malicious, and intentionally designed to harm Plaintiff, J & J Sports Productions, Inc., and to subject said Plaintiff to economic distress.

25. Accordingly, Plaintiff, J & J Sports Productions, Inc., is entitled to both compensatory, as well as punitive damages, from the aforementioned Defendant(s) as the result of the Defendant(s) egregious conduct and conversion.

WHEREFORE, Plaintiff prays for judgment as set forth below.

As to the First Count:

1. For statutory damages in the amount of $110,000.00 against Defendant(s), and;
2. For reasonable attorney's fees pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

As to the Second Count:

1. For statutory damages in the amount of $60,000.00 against Defendant(s), and;
2. For reasonable attorney's fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable court may deem just and proper.

As to the Third Count:

1. For compensatory damages in an amount according to proof against Defendant(s), and;
2. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
3. For such other and further relief as this Honorable court may deem just and proper.

                VOGLER AND ASSOCIATES, LLC

By: /s/ Vincent D. Vogler
    VINCENT D. VOGLER   (FED #25030MO)
    MICHAEL A. KASPEREK   (FED #32036MO)
    Attorneys for Plaintiff
    11756 Borman Drive, Suite 200
    Post Office Box 419037
    St. Louis, MO 6314109037
    (314) 567-7970
    (314) 567-5053 (Fax)
    Email: voglaw@earthlink.net

89318 050815 MAK bm