UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 1369 RWS |
| | ) | |
| NEIGHBORHOOD BAR & GRILL, LLC, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case is before me on plaintiff's motion for default judgment in the amount of $175,260.00. Plaintiff owned the nationwide television distribution rights to broadcast a boxing match which took place on May 4, 2013. Plaintiff sells the right to publically exhibit this broadcast to various public establishments, such as restaurants and bars. In this lawsuit, plaintiff alleges that defendants illegally intercepted the broadcast and showed it to their patrons at Neighborhood Sports Bar & Grill. Plaintiff has sued defendants under two alternative federal statutes.

Plaintiff's first count alleges a violation of 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications. In the context of the present lawsuit, this statue prohibits the unauthorized interception of video programming from a satellite that is primarily intended for direct receipt only by

authorized users. It provides for statutory damages of not less than $1,000 but not more than $10,000. *Id.* at § 605(e)(3)(C)(i)(II). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $100,000. *Id.* at § 605(e)(3)(C)(ii). Attorney's fees and costs may also be recovered under this statute. *Id.* at § 605(e)(3)(B)(iii).

Plaintiff's second count alleges a violation of 47 U.S.C. § 553, which prohibits the unauthorized reception of cable services. It provides for statutory damages of not less than $250 but not more than $10,000. *Id.* at § 553(c)(3)(A)(ii). Where the violation was committed willfully and for the purpose of commercial gain the statutory damages may be increased in an amount of not more than $50,000. *Id.* at § 553(c)(3)(B). Attorney's fees and costs may also be recovered under this statute. *Id.* at § 553(c)(2)(C).

The defendants in this matter have been served. On January 6, 2016, the Clerk of the Court entered a default against the defendants because they failed to file an answer or other responsive pleading. Plaintiff prays for the maximum amount of statutory damages under both statutes, for a total of $170,000, plus attorney's fees and costs. Plaintiff also seeks $2,200 in damages for the tort of conversion as alleged in Count III of the complaint. Plaintiff can recover under §605 if defendants intercepted the broadcast from a satellite or under §553 if

defendants intercepted the broadcast from a cable service. Plaintiff cannot, however, recover damages under both statutes.

Neither the complaint nor any other filings in this case indicate which method defendants used to intercept the broadcast. I will therefore grant plaintiff a default judgment under §605. Damages awarded under §605 have varied tremendously in this district. *See Joe Hand Promotions, Inc. v. Thompson*, No. 4:11CV1740 CAS, 2013 WL 466278, at *3 (E.D. Mo. Feb. 7, 2013) (collecting cases of awards between $3,000 and $150,000). In fashioning a statutory award in the *Thompson* case, the Honorable Charles A. Shaw considered, among other things, the amount of the financial gain by the defendant, whether the defendant is alleged to be a repeat violator, and the need to deter future violations. *Id.* Based on the affidavits provided by plaintiff, I will exercise my discretion to award statutory damages in the amount of $10,000.00 under §605 (e)(3)(C)(i)(II), $5,000.00 in enhanced statutory damages under §605 (e)(3)(B)(ii), and costs in the amount of $560.00 under §605 (e)(3)(B)(iii). In support of its request for attorney's fees in the amount of $2,500.00, plaintiff submits the affidavit of attorney Vincent Vogler. Mr. Vogler avers that plaintiff incurred approximately 11.95 hours of legal service at a cost of $250.00 per hour in connection with this case, but he only seeks recovery for 10 of those hours. I find plaintiff's request for 10 hours of attorney's fees to be reasonable and will award the requested amount.

Finally, as plaintiff provided no evidence supporting its request for an award of $2,200 for the tort of conversion as alleged in Count III of the complaint, no additional damages will be awarded on Count III. Thus I will award plaintiff default judgment in a total amount of $18,060.00. Plaintiff has not, however, shown that it is entitled to post-judgment interest at the requested rate of nine percent per annum. In federal court post-judgment interest accrues at the rate set by federal law.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment [23] is granted in part only to the extent set out above and is denied in all other respects.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2016.